UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
WANDA MUNOZ, individually and as next friend
to minor child C.B.,

                         Plaintiff,

         -against-                                   17-cv-9583 (LAK)

THE CITY OF NEW YORK, et al.,

                         Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      As Magistrate Judge Freeman explained at the beginning of her lengthy and thorough Report and Recommendation (the "R&R"), this is a

> civil-rights action, plaintiff Wanda Munoz ("Munoz"), individually and on behalf of her minor son, plaintiff C.B. ("C.B."), has brought claims under 42 U.S.C. § 1983 against defendants the City of New York (the "City"), two City Commissioners (the New York City Fire Department Commissioner and the New York Police Department Commissioner) (the "Commissioner Defendants"), seven New York Police Department ("NYPD") officers and one NYPD lieutenant (the "Officer Defendants"), and two emergency medical technicians ("EMTs") (the "EMT Defendants") (all, collectively, Defendants"), arising from an incident in which C.B., who is severely autistic, was restrained and forcibly taken to a hospital by the Officer Defendants and EMT Defendants, and in which Munoz was arrested for allegedly interfering in that process. Dkt. 143 at 1.

Defendants moved for summary judgment dismissing the second amended complaint in all respects. The R&R recommends that the motion "be granted on all of Plaintiffs' claims, with the exception of Munoz's 14th Amendment procedural due-process claim against the Officer Defendants and the EMT Defendants, alleging that she was wrongfully deprived of her liberty interest in making medical decisions on behalf of her minor child, C.B." *Id.* at 73.

2

Plaintiff objects solely to the recommended dismissal of her federal and state claims for false arrest. She argues that there was a genuine issue of material fact as to whether there was arguable probable cause resulting in qualified immunity for those of the Officer Defendants involved in her arrest.

Defendants object to so much of the R&R as recommended denial of the motion to dismiss the Fourteenth Amendment claim relating to the hospitalization of C.B. against Munoz's wishes. They contend that that claim should be dismissed because the hospitalization was justified by objectively reasonable evidence that harm to C.B. was imminent.

*Munoz's Individual False-Arrest Claim*

Munoz was arrested for obstruction of governmental administration in that she linked her arm in C.B.'s arm and allegedly sought to pull him out of the ambulance in which he was to be taken to Jacobi Hospital. It is undisputed that Munoz linked arms with C.B. and that C.B. thereupon stepped down and away from the ambulance into which he had been entering. There is a conflict in the testimony of witnesses as to whether Munoz was trying to help C.B. enter the ambulance or trying to pull him out. In the event the latter is the case, the Officer Defendants who, on the view of the evidence most favorable to the plaintiff, were involved in the arrest had arguable probable cause for the arrest and thus would have qualified immunity. On the former, arguable probable cause perhaps would not exist. Accordingly, plaintiff's objection to the recommended grant of summary judgment dismissing this claim as against the relevant defendants is sustained.

3

***The Procedural Due Process Claim***

Munoz's sixth cause of action, asserted under the Fourteenth Amendment, is "for violation of Munoz's right as a parent to direct and control C.B.'s medical care and for violation of both Plaintiffs' rights to association and family integrity." Dkt. 131 at 31. The R&R correctly construed this claim as containing both substantive and procedural components.

As to the claim itself, the R&R observes some disagreement about whether a procedural right has been implicated. *See* R&R at 66-67 (addressing defendants' argument that it is material to the procedural due-process claim whether C.B. was being taken to hospital for medical "assessment" rather than medical "treatment"). Munoz's liberty interests in family integrity and association are sufficient to trigger a procedural right even if the "right to direct medical decisions" is not directly in issue. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) ("As a general rule . . . before parents may be deprived of the care, custody or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them."). The crux of Munoz's procedural due-process claim against these defendants is whether she was entitled to a judicial proceeding or some other predeprivation process before C.B. was removed from her care.

By the same token, the Officer and EMT defendants are entitled to qualified immunity as a matter of law if "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[], could conclude that it was objectively unreasonable" for the defendants to believe that their conduct would not violate a clearly established federal right. *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008) (quotations omitted). As defendants argue, C.B. -- for the second time in a relatively short period – had been extremely

4

violent at Lifespire. The Officer and EMT Defendants were justified in believing that C.B. would become violent again if they released him to his mother or would resume his immediately prior actions, many of which would have created a serious and imminent risk of harm to C.B. as well as to others, substantially as the defendants argue in their objection. On the view of the evidence most favorable to the plaintiff, it was objectively reasonable for both the Officer and the EMT defendants to believe they were confronted with "emergency circumstances" as defined in this Circuit and that taking C.B. to Jacobi Hospital would not violate Munoz's procedural rights. *Tenenbaum*, 193 F.3d 593-94.

Defendants' objection to the recommended denial of their motion to dismiss the procedural due process claim is sustained.

## *Conclusion*

The motion for summary judgment dismissing the second amended complaint (Dkt. 125) is granted in all respects as to all defendants except that it is denied insofar as it relates to Munoz's federal and state false-arrest claims in her individual capacity insofar as those claims are made against defendants Henry, Wroten and Pierce.

SO ORDERED.

Dated: November 1, 2021

_____
Lewis A. Kaplan
United States District Judge