Index No. 17-Civ.-9583 (LAK) (DCF)

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   11/15/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WANDA MUNOZ, individually and as next friend to minor child C.B.,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. KATHY HENRY, P.O. RAINARD WROTEN, LT. RYAN PIERCE, P.O. ROAN LEWIS, P.O. JAMES FICO, P.O. JONYA MCDOWELL, P.O. ANTONIO LOMEDICO, P.O. KENNETH WOISIN, EMERGENCY MEDICAL TECHNICIAN ERNESTO MEJIA, UNIDENTIFIED EMERGENCY MEDICAL TECHNICIAN JANE DOE #1, JAMES P. O'NEILL, as Commissioner of the New York City Police Department; DANIEL A. NIGRO, as Commissioner of the New York City Fire Department; sued herein in their official and individual capacities,

Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3

---

**GEORGIA M. PESTANA**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Katherine J. Weall*
*Tel: (212) 356-5055*
*Matter No. 2017-071914*

Memorandum Endorsement                    Munoz v City of New York, 17-cv-9583 (LAK)

   Defendants' motion proceeds from the mistaken premise that the Court's ruling was based on a view that Ms. Munoz's subjective intent was relevant to the probable cause or arguable probable cause issue.   Rather, it was based on the existence of "a conflict in the testimony of witnesses as to whether Munoz was trying to help C.B. enter the ambulance or trying to pull him out." The resolution of that conflict depends not upon Ms Munoz's subjective state of mind, but on the objective facts witnesses perceived.  For example, was Ms Munoz exerting force on the body of C.B.? If so, was the force exerted such as would have assisted in propelling that 260 pound body up into the ambulance against the pull of gravity?  Or was it exerted so as to pull C.B. down onto the street from the ambulance step consistent with the pull of gravity?   The short answer, for present purposes, is simply that the relevant facts remain to be determined.

   The motion for reconsideration is denied.

   SO ORDERED.

Dated:  November 15, 2021

                  _____
                   Lewis A. Kaplan
                United States District Judge